UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEVIN WILLHIDE, | |
| Petitioner, | |
| v. | CAUSE NO.: 3:19-CV-292-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Devin Willhide, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 18-8-398) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in trafficking conspiracy in violation of Indiana Department of Correction Offenses 111 and 113. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Willhide argues that he is entitled to habeas relief due to insufficient evidence. He states that the evidence against him consisted solely of a letter that he never received from an individual whom he did not know.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes an incident report in which a correctional officer indicates that she discovered a letter addressed to Willhide that discussed his request for "strips" and a plan to bring more "strips" into the correctional facility. The officer also found enclosed an orange strip of paper, which resembled suboxone, a controlled substance that inmates commonly refer to as "strips." This evidence reasonably suggests that Willhide conspired to traffick contraband and thus constitutes some evidence. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because Willhide has not demonstrated that he is entitled to habeas relief, the petition is denied. If Willhide wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) DIRECTS the clerk to enter judgment and to close this case; and

(3) DENIES Devin Willhide leave to proceed in forma pauperis on appeal.

SO ORDERED on April 21, 2020

                                                         /s/JON E. DEGUILIO
                                                        JUDGE
                                                        UNITED STATES DISTRICT COURT